Alan Palmer Jacobus (California State Bar Number 206954)
Alan Palmer Jacobus, Attorney-at-Law
981 Mission Street
San Francisco, California 94103
Telephone:   347.463.5190
Email:        alan@apj-esq.com

Richard M. Kuntz (*pro hac vice* application to follow)
Ruberry, Stalmack & Garvey, LLC
10 South LaSalle Street
Suite 1800
Chicago, Illinois 60603
Telephone:   312-466-8050
Email:        Richard.Kuntz@ruberry-law.com

Attorney for Plaintiff
ASSOCIATED INDUSTRIES INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, a Florida corporation,<br><br>Plaintiff,<br><br>versus<br><br>BAY AREA AIR QUALITY MANAGEMENT DISTRICT,<br><br>Defendant. | No.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C.A. § 2201(a) AND FED. R. CIV. P. 57<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Associated Industries Insurance Company ("Associated Industries") alleges for its Original Complaint for Declaratory Judgment Pursuant to 28 U.S.C.A. § 2201(a) and Fed. R. Civ. P. 57 as follows:

///

///

///

Case No:
ASSOCIATED INDUSTRIES INSURANCE COMPANY'S ORIGINAL COMPLAINT

## I.   INTRODUCTION

1. This is an action to obtain a declaratory judgment that Associated Industries' duty to indemnify defendant BAAQMD is limited to the applicable insurance policy limit as stated in an insurance policy Associated Industries issued to BAAQMD, and for other relief.

## II.   THE PARTIES

2. Associated Industries is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Boca Raton, Florida. Associated Industries is a citizen of the State of Florida.

3. Bay Area Air Quality Management District ("BAAQMD") is a regional government agency, located in San Francisco, California. BAAQMD is a citizen of the State of California.

## III.   JURISDICTION

4. Jurisdiction exists in this Court pursuant to 28 U.S.C.A. §1332(a)(1), as plaintiff Associated Industries and defendant BAAQMD are citizens of different States, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, in that BAAQMD has sought insurance coverage from Associated Industries for a potential settlement that would exceed the applicable limit of the insurance policy at issue by a sum of at least $1.25 million.

## IV.   VENUE

5. Venue is proper in this judicial district under 28 U.S.C.A. § 1391(b)(1) because BAAQMD is a resident of this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C.A. § 1391(b)(2) because a substantial part of the acts, events, and omissions giving rise to the claims occurred in this judicial district. The contract (insurance policy at issue) was issued to BAAQMD in this judicial district.

## V.   INTRADISTRICT ASSIGNMENT

7. Intradistrict assignment is proper in the San Francisco Division of this Court under U.S.D.C. N.D. Cal. Civil L.R. 3.2(c) and (d) because this action arose in Contra Costa County, California.

## VI. FACTUAL BASIS FOR CLAIM

### A. The Underlying Action

8. BAAQMD has sought insurance coverage from Associated Industries for the action styled *Bachmann v. Bay Area Air Quality Management District et al.*, currently pending in the Superior Court of California for the County of Contra Costa, Case No. C17-01565 (the "Underlying Action"). A copy of the original Complaint for Damages in that action is attached hereto as Exhibit 1.

### B. The Associated Industries Insurance Policy

9. Associated Industries issued a Participation Endorsement Special Liability Insurance Program (SLIP) Policy to BAAQMD (the "Policy"), a true and correct copy of which is attached hereto as Exhibit 2.

10. The Policy provides, inter alia, coverage for Public Officials Errors and Omissions, and Employment Practices Liability, as those terms are defined at Section VII. (J) and (V) of the Policy.

11. The Policy contains a Per Occurrence Limit of $10 million for Public Officials Errors and Omissions coverage, and a Per Occurrence Limit of $2 million for Employment Practices Liability coverage. See Exhibit 2, Item 3. A. f) and i). The Annual Aggregate Limit for Public Officials Errors and Omissions is $10 million, and the Annual Aggregate Limit for Employment Practices Liability is $2 million. See Exhibit 2, Item 3. B.

12. The Underlying Complaint, as originally filed and as currently amended, implicates Employment Practices Liability coverage, but did not and does not potentially implicate Public Officials Errors and Omissions coverage, based upon Exclusion VI. g in the Policy. See Exhibit 2, p. 1 of form GL330144 0911, the Employee Benefits Liability Coverage Endorsement of the Policy.

13. Associated Industries has been defending BAAQMD in the Underlying Action under the Employment Practices Liability coverage of the Policy, as set forth below.

///
///

C. **The Dispute Between the Parties**

14. On behalf of plaintiff Associated Industries, Associated Industries' coverage counsel at the time sent a letter to defendant BAAQMD, dated September 29, 2017, inter alia reserving Associated Industries' rights under the Policy (the "September 29, 2017 Letter"), a copy of which letter is attached hereto as Exhibit 3.

15. That letter stated that there was coverage for the Underlying Action under the Employment Practices Liability coverage of the Policy, but that there was no coverage for the Underlying Action under the Public Officials Errors and Omissions liability coverage of the Policy. See Exhibit 3, p. 1, second paragraph, and p. 10 at 3.

16. The September 29, 2017 letter incorrectly stated, however, that the Limits for Employment Practices Liability and Public Officials Errors and Omission coverage were the same, each having a $5 million limit. See Exhibit 3, p. 6.

17. The September 29, 2017 letter concluded by stating:

> Once again, nothing stated herein, or omitted to be stated herein, shall constitute a waiver of any claims, rights, causes of action, rights of action, defenses, positions or remedies possessed by Associated, all of which are expressly reserved.

See Exhibit 3, p. 11.

18. In response to additional correspondence sent on behalf of Associated Industries in 2019, which noted the error in Limits set forth in the September 29, 2017 Letter and corrected same, Defendant BAAQMD via its representative, sent a letter to Associated Industries' representative dated July 2, 2019, inter alia suggesting that BAAQMD was not aware of the correct Employment Practices Liability ("EPL") Limit in its own Policy until advised of same by Associated Industries in 2019; that BAAQMD had relied on the incorrect EPL Limit in the September 29, 2017 Letter; that Public Officials Errors and Omissions coverage was implicated by the Underlying Action in spite of the September 29, 2017 letter and the 2019 Associated Industries correspondence stating that there was no Public Officials Errors and Omissions coverage; that BAAQMD would have challenged that conclusion if BAAQMD had not assumed that both coverages had the same Limit; that the September 29, 2017 letter should have offered

1  BAAQMD independent counsel; that based on the September 29, 2017 letter, Associated
2  Industries was estopped from maintaining that the $2 million EPL Limit applies to the Underlying
3  Action; and that Associated Industries violated California law and regulation. *See* the July 2, 2019
4  letter on behalf of BAAQMD, attached hereto as Exhibit 4.

## VII.   CAUSE OF ACTION—DECLARATORY JUDGMENT

19.   Defendant BAAQMD was aware of the $2 million EPL Limit in the Policy at all times relevant to this action, or in the alternative, should have been aware of that Policy Limit, based on an insured's duty to read the terms of its policy under California law.

20.   Defendant BAAQMD could not have reasonably relied on the incorrect policy limits set forth in the September 29, 2017 letter.

21.   Defendant BAAQMD did not incur any substantial detriment from the September 29, 2017 Letter. To the contrary, the conduct of the defense of BAAQMD, paid for by Associated Industries, has to date resulted in the dismissal of all claims against all individual BAAQMD defendants; the dismissal of two of the three causes of action from the original complaint in the Underlying Action; and the settlement and dismissal of all claims against one of the two Plaintiffs in the original Complaint. Further, the settlement negotiations in the Underlying Action to date have not been affected in any material respect by BAAQMD's purported lack of knowledge of the Limits in its own Policy. The September 29, 2017 Letter has not caused BAAQMD to be injured or damaged in any material respect.

22.   The September 29, 2017 letter stated that there is coverage for the Underlying Action under the EPL coverage of the Policy.

23.   The 2019 letters sent by or on behalf of Associated Industries confirmed this position.

24.   BAAQMD has always agreed with Associated Industries' position that there is coverage for the Underlying Action under the EPL coverage of the Policy.

25.   The September 29, 2017 Letter stated that an exclusion in the EPL coverage clearly excludes coverage for Public Officials Errors and Omissions coverage as regards the Underlying

1 Action. The 2019 letter from Associated Industries' representative to BAAQMD confirmed this position.

26. Notwithstanding the foregoing, not until its receipt of Associated Industries' 2019 letter did BAAQMD seek to challenge Associated Industries' position that any Public Officials Errors and Omissions coverage is excluded as regards the Underlying Action.

27. At no time has a conflict of interest existed between Associated Industries and BAAQMD, and indeed the defense of the Underlying Action to date has resulted in a sole cause of action remaining, which both parties agree is covered.

28. There was nothing in the September 29, 2017 Letter or thereafter which implicated any duty of Associated Industries to offer independent counsel for the defense of BAAQMD, in that there was no potential for the defense of the case to be handled in such a manner as to take it out of insurance coverage.

29. This matter presents an actual case or controversy in that plaintiff alleges, and defendant denies: a) that the Limit of the Policy applicable to the Underlying Action is the $2 million EPL Limit as stated in the Policy, b) that there is no Public Officials Errors and Omissions coverage; and c) that Associated Industries owed and owes no duty to offer independent counsel to BAAQMD. This court can declare the respective rights and obligations of plaintiff Associated Industries and defendant BAAQMD under the Policy pursuant to 28 U.S.C. § 2201(a).

**DEMAND FOR RELIEF**

WHEREFORE, based on the foregoing, plaintiff Associated Industries prays that this Court:

A. Find and declare that the sole Limit of in the Associated Industries Policy applicable to the Underlying Action is the $2 million EPL Limit;

B. Find and declare that the Public Officials Errors and Omissions coverage is excluded as regards the Underlying Action;

C. Find and declare that Associated Industries owed and owes no duty to offer independent counsel to BAAQMD;

D. For its costs of this lawsuit; and

E. For such other relief as the Court may find just and equitable in the circumstances.

Dated: August 23, 2019

                ALAN PALMER JACOBUS, ATTORNEY-AT-LAW

                By _____/s/ ALAN PALMER JACOBUS_____
                              Alan Palmer Jacobus
                              Attorney for Plaintiff
                ASSOCIATED INDUSTRIES INSURANCE COMPANY

## JURY DEMAND

Plaintiff Associated Industries Insurance Company demands a trial by jury on all issues so triable.

Dated: August 23, 2019

                ALAN PALMER JACOBUS, ATTORNEY-AT-LAW

                By _____/s/ ALAN PALMER JACOBUS_____
                              Alan Palmer Jacobus
                              Attorney for Plaintiff
                ASSOCIATED INDUSTRIES INSURANCE COMPANY